[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S CROSS-COMPLAINT
This matter is before the court in connection with plaintiffs' motion to strike the defendant's cross-complaint. The following facts are relevant to the resolution of this motion. The plaintiffs, the Town of Plymouth, its building official, and its zoning enforcement officer, brought this action against the defendant to enforce provisions of the building code, the fire code, the public health code, the Plymouth housing code and the Plymouth zoning regulations. The defendant filed a cross-complaint against the Town and its building official, and thereafter a revised cross-complaint.
The revised cross-complaint is in four counts. The first count alleges an abuse of discretion by the Town and its building official for issuing a Notice of Unsafe Structure which ordered demolition of the defendant's property, and refusing to permit certain plumbing work on the premises. The second count alleges a refusal to provide zoning advice and a refusal to cooperate in securing public financing for repairs at the defendant's premises. The third count alleges selective enforcement of the codes. The fourth count is a restatement of the first three counts. Additionally, in paragraph two of his prayer for relief, defendant seeks an injunction against code enforcement with respect to his premises without like enforcement against others. In paragraph three of the prayer for relief, defendant, who appears pro se, seeks attorney's fees.
The purpose of a motion to strike is to "contest . . . the legal sufficiency of the allegations of any complaint," or the legal sufficiency of the prayer for relief. Practice Book Sec. 152. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Gordon CT Page 10399 v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988) (citations omitted).
Plaintiffs' motion to strike raises two claims. The first is that defendant did not exhaust his administrative remedies, and that under the rule of Sharkey v. Stamford; 196 Conn. 253
(1985); the court therefore lacks subject matter jurisdiction to hear his cross-complaint. Plaintiffs also assert that defendant's claims are precluded by immunity afforded both to the individual plaintiffs and the municipality. Because the Town of Plymouth and the individual plaintiffs are immune from liability, their motion to strike defendant's cross-complaint is granted.
The individual plaintiffs, MacDermid and Laux, are immune from liability. Under Section 109.6 of the Building Officials and Code Administrators International and National Building Code (BOCA), adopted as the State Building Code pursuant to C.G.S.29-252, the building inspector is granted immunity from personal liability. Section 109.6 states that:
 109.6 Relief from personal responsibility: The code official, officer or employee charged with the enforcement of this code, while acting for the jurisdiction, shall not thereby be rendered liable personally, and the code official, officer or employee is hereby relieved from all personal liability for any damage accruing to persons or property as a result of any act required or permitted in the discharge of official duties. The code official or any subordinates shall not be liable for costs in any action, suit or proceeding that is instituted in pursuance of the provisions of this code; and any officer of the department of building inspection, acting in good faith and without malice, shall be free from liability for acts performed under any of its provisions or by reason of any act or omission in the performance of official duties in connection therewith.
The State Building Code 109.6 therefore relieves a building inspector from personal liability providing he is acting for the municipality "in good faith and without malice." That provision covers both ministerial and governmental functions. In the absence of any claim that plaintiffs have acted in bad faith or CT Page 10400 maliciously, the first, second and third counts of defendant's cross-complaint fail to state a claim upon which relief can be granted, as to the individual defendants.
Furthermore, General Statutes Sec. 52-557n(b) also confers immunity on both the individual plaintiffs and the municipality. That section provides in relevant part that,
 "Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from . . . (5) the initiation of a judicial or administrative proceeding, provided that such action is not determined to have been commenced or prosecuted without probable cause or with a malicious intent to vex or trouble . . . or (7) the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization when such authority is a discretionary function by law, unless such issuance, denial, suspension or revocation or such failure or refusal constitutes a reckless disregard for health or safety; (8) failure to make an inspection or making an inadequate or negligent inspection of any property . . . to determine whether the property complies with or violates any law or contains a hazard to health or safety."
Defendant's claims are plainly barred by General Statutes Sec. 52-557n(b)(5), (7) and (8), which confers immunity on both the municipality and the individual defendants. Finally, our Supreme Court has repeatedly held that municipalities and their employees are immune from liability for the performance of discretionary acts, unless one of three exceptions is established. Evon v. Andrews, 211 Conn. 501 (1989); Gordon v. Bridgeport Housing Authority, supra. Those exceptions are, first, "where the circumstances make it apparent to the public officer that his failure to act would be likely to subject an identifiable person to imminent harm; second, were a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." CT Page 10401 Evon v. Andrews, supra at 505. In the absence of any allegations that plaintiffs' conduct comes within any of the exceptions set forth in Evon v. Andrews, defendant has failed to state a claim upon which relief can be granted.
As an alternative basis for granting plaintiffs' motion to strike, the court rules that as to count two defendant has failed to allege a duty owed by plaintiffs to him to assist in obtaining funds for renovations of his building. The law does not require some "duty in the air." Shore v. Stonington,187 Conn. 147, 151 (1982).
Plaintiffs have also moved to strike defendant's prayer for relief requesting injunctive relief and attorney's fees. This claim is rendered moot by virtue of the fact that all counts of defendant's cross-complaint are stricken. In any event, defendant is not entitled to attorney's fees. He appears pro se and has failed to allege any statutory or contractual basis for such fees. Brookfield v. Candlewood Shores Estates, Inc.,201 Conn. 1 (1986).
For the foregoing reasons, plaintiffs' motion to strike defendant's cross-complaint is granted.
SO ORDERED.
Robert L. Holzberg, J.